IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00069-RLV
(5:00-CR-00047-RLV-8)

| | | |
|---|---|---|
| RONNIE EDWARD BANNER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on an initial review of Petitioner's Motion to

Vacate, Set Aside or Correct Sentence, filed pursuant 28 U.S.C. § 2255. (Doc. No. 1). For the

reasons that follow, Petitioner's Section 2255 motion will be DISMISSED.

## I.   BACKGROUND

On May 20, 2002, Petitioner was convicted of one count of conspiracy to possess with

intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 &

and 841. Petitioner was sentenced to a term of 235-months' imprisonment. (5:00-cr-00047, Doc.

No. 401: Judgment in a Criminal Case at 1-2).[1] Petitioner did not file a direct appeal from his

criminal judgment and his conviction became final in June 2002.

On June 8, 2012, Petitioner filed a pro se Section 2255 motion contending that the Fourth

Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), entitles

him to an order vacating his sentence. Petitioner asserts that under Simmons the convictions

---

[1]The Government noticed five (5) drug convictions pursuant to 21 U.S.C. § 851 which it
contended would support a sentencing enhancement; the convictions are all for state drug
convictions in North Carolina from 1995 and 1996. (Doc. No. 118).

1

noticed by the Government, pursuant to 21 U.S.C. § 851, no longer qualify as felonies for the purpose of sentencing enhancement. (5:12-CV-00069, Doc. No. 1 at 1).

## II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)      A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

While Petitioner did file his Section 2255 within one-year of the date the Fourth Circuit filed their opinion in Simmons it is of no consequence as recent Fourth Circuit case law demonstrates

that he cannot meet any of the above conditions as set forth in § 2255(f)(1)-(4) and his petition will be dismissed as untimely. Further, the Court finds that Petitioner is not entitled to equitable tolling because he does not present a meritorious claim for relief based on current Fourth Circuit case law identified below.

In <u>Simmons</u>, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. <u>Simmons</u>, 649 F.3d at 243 (emphasis added). In reaching this holding, the <u>Simmons</u> Court expressly overruled <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." <u>Id.</u> (quoting <u>Harp</u>, 406 F.3d at 246) (emphasis omitted).

The <u>Simmons</u> majority relied upon its interpretation of the Supreme Court's opinion in <u>Carachuri-Rosendo v. Holder</u>,  130 S. Ct. 2577 (2010), to reach its holding, namely, that the *individual* defendant's criminal record must be examined in order to determine whether he or she qualified for a prison term in excess of one year. The Fourth Circuit has recently held, however, "that <u>Carachuri</u> claims may not be raised retroactively in collateral proceedings." <u>United States v. Walker</u>, No. 11-6660, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (citing <u>United States v. Powell</u>, 691 F.3d 554 (4th Cir. 2012)); <u>see also</u> <u>United States v. Wheeler</u>, No. 11-6643, 2012 WL 54127557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) ("We note that Wheeler's claim for retroactive application of the Supreme Court's [<u>Carachuri</u> decision and the Fourth Circuit's opinion in <u>Simmons</u>], fails in light of our recent opinion in [<u>Powell</u>]."

Accordingly, even if Petitioner's Section 2255 motion were timely, it would have to be denied.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** as untimely. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 7, 2012

Richard L. Voorhees
United States District Judge