IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:00-CR-00047-RLV-8

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| v. | ) **ORDER** |
| | ) |
| RONNIE EDWARD BANNER, JR., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant Ronnie Edward Banner, Jr.'s Motion to Amend Order (Doc. 736) and Motion to Terminate Supervision (Doc. 746). In 2001, Banner entered a guilty plea to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 851. (Doc. 260); (*see also* Docs. 94, 118). This Court sentenced Banner to 235 months' imprisonment on the conviction in this case and a consecutive twelve-month sentence in another criminal case, to be followed by five years' supervised release on the conviction in this case. (*See* Doc. 401 at 2-3 (rendering judgment imposing 235 months' imprisonment with five years' supervised release)); (*see also United States v. Banner*, Case No. 5:03-cr-00019-RLV-1, Doc. 19 (relying on 18 U.S.C. § 3584(c) to impose consecutive sentence of twelve months' imprisonment for violation of 18 U.S.C. § 3146)). In February 2015, this Court reduced Banner's term of imprisonment in this case for his violation of 21 U.S.C. §§ 841(a)(1), 846, 851 to time served plus ten days of imprisonment. (Doc. 733); *see also* 18 U.S.C. § 3582, United States Sentencing Guidelines Manual § 1B1.10. Banner's motion for a sentence reduction did not seek a reduction with respect to his term of supervised release and this Court's order reducing Banner's sentence did not alter Banner's five-year term of supervised release. (*See* Docs. 731, 733). According to Federal Bureau of Prison records, Banner was

1

released from custody on January 1, 2016.[1]  *See* Federal Inmate Locator, available http://www.bop.gov/inmateloc/ (Find By Name: Ronnie Edward Banner") (last visited 7/14/2017). Therefore, Banner has served roughly one and one-half years, or 30%, of his five-year term of supervised release.

As Banner has completed more than one year of supervised release, this Court has the authority to terminate his term of supervised release. 18 U.S.C. § 3583(e)(1). In resolving a motion for early termination of supervised release, a court must consider the 18 U.S.C. § 3553(a) factors and if early termination is both in the interests of justice and is warranted by the conduct of defendant while on supervised release. *See id*. In seeking early termination of supervised release, Banner represents that "[h]e has obtained a job actively and has worked for Labor Connections of Conover, NC since February 2016." (Doc. 746 at 2). Banner also notes he has done everything the U.S. Probation Service has asked of him and has not violated any terms of release. *Id*. Regarding the interests of justice, Banner asserts his supervised release should be terminated due to the amount of time served. *Id*. Banner explains he has served approximately 169 months in prison, which is 110 months longer than his amended guidelines range called for, and in those fourteen years he has "received no disciplinary violations, . . . obtained his GED and has participated in numerous work assignments and classes." *Id*.; (*see also* Doc. 732 at 3). While Banner has presented some information regarding his behavior while incarcerated, he has not substantiated his representations regarding his conduct while on supervised release with any evidence, such as an affidavit or letter from his probation officer in support of early termination or

---

[1] To the extent that Banner was released from custody, his motion to amend this Court's sentence reduction order so as to run his sentence in this case concurrent to his sentence in Case No. 5:03-cr-00019-RLV-1 is moot. In any event, this Court's order reducing Banner's sentence already addressed the relation of the reduced sentence in this case to the sentence in Case No. 5:03-cr-00019-RLV-a, noting that the sentences were consecutive. (Doc. 733). Accordingly, Banner's Motion to Amend Order (Doc. 736) is **DENIED**.

records demonstrating his ongoing employment and his maintenance of a steady residence. (*See* Doc. 746).

Looking at the interest of justice and the 18 U.S.C. § 3553(a) factors, the Court initially notes that Banner has not yet served half of his supervised release term. Additionally, Banner has a prior drug conviction which gave rise to the 21 U.S.C. § 851 information. (Doc. 628 at 13; *see also* Doc. 118). Furthermore, Defendant committed the offense in this case while on probation for the prior drug conviction giving rise to the § 851 information, suggesting an increased need for supervised release. (Doc. 628 at 13). Based on the arguments and evidence provided, Banner has not shown that the interests of justice would be served if his supervised release was terminated or that the 18 U.S.C. § 3553(a) factors favor termination of supervised release at this juncture. Accordingly, Banner's Motion to Terminate Supervision (Doc. 746) is **DENIED**.[2]

**IT IS, THEREFORE, ORDERED THAT**:

(1) Defendant's Motion to Amend Order (Doc. 736) is **DENIED**; and

(2) Defendant's Motion to Terminate Supervision (Doc. 746) is **DENIED**.

Signed: July 26, 2017

Richard L. Voorhees
United States District Judge

---

[2] The denial is without prejudice and Banner, upon completion of a greater proportion of his term of supervised release, is free to file a new motion for early termination of supervised release. Any new motion Banner files should be accompanied by evidence of his conduct while on supervised release and his probation officer's position regarding early termination.